UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NICHOLE CANTRELL,            )
                             )
    Plaintiff,               )
                             )
  v.                         )    No.  4:06CV1651 SNL
                             )                    (TIA)
MICHAEL J. ASTRUE,           )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
    Defendant.               )

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant's Motion to Reverse and Remand (filed July 30, 2007/Docket No. 21). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

**Procedural History**

On January 31, 2005, Claimant filed her application for Supplemental Security Income payments pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq, alleging an onset date of disability of January 1, 2000. (Tr. 64-67). The application was denied initially, after which Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. 45-47). On December 7, 2005, Claimant appeared at a hearing before the ALJ. (Tr. 186-209). On May 18, 2006, the ALJ issued a decision concluding that Claimant was not under a disability as defined by the Social Security Act at any time through the date of the decision. (Tr. 8-19). The Appeals Council denied Claimant's request for review on September 12, 2006. (Tr. 3-6). Thus, the determination of the ALJ stands as the final decision of the Commissioner.

**Discussion**

On November 15, 2006, Claimant filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed an Answer on February 2, 2007. On June 27, 2007, Claimant filed her Brief in Support of Complaint, asserting that the ALJ failed to recontact the treating physician, who gave an opinion describing levels of impairment that would preclude Claimant from working, before according little weight to the treating physician's opinion. On July 30, 2007, Defendant filed a Motion to Reverse and Remand, requesting that the Court remand this case to the agency sot that it can consider the effect of its subsequent finding that Claimant was disabled as of June 1, 2006 and that the action be remanded pursuant to sentence four of 42 U.S.C. § 405(g). At the agency counsel's request, the Appeals Council agreed to reconsider the case, and upon doing so, determined that a remand was appropriate for further consideration of Claimant's claims.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However,

The undersigned has reviewed the record in light of Defendant's assertions in the Motion to Reverse and Remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. Therefore, in light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. Because Defendant agrees that the case should be reversed and remanded, and the Claimant has no objection, Defendant's Motion to Reverse and Remand under sentence four will be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand (filed July 30,2007/Docket No. 21) be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

The parties are advised that they have eleven days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal the questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 18th day of October, 2007.

                                                          /s/ Terry I. Adelman
                                            UNITED STATES MAGISTRATE JUDGE

---

the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Claimant has no objection to such motion.